## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:06CV-13-M**

**WILLIAM E. MASSEY**                                                      **PLAINTIFF**

**V.**

**EDMONSON COUNTY SOCIAL SERVICES BUREAU;**
**GLORIA HENNION; MARY LINDSEY; EDMONSON**
**COUNTY, KENTUCKY SHERIFF, B.J. HONEYCUTT;**
**AND RONNIE DORTCH, Judge, Thirty-Eighth Judicial**
**Circuit**                                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Ronnie C. Dortch, individually and in his official capacity as Circuit Judge for the Kentucky 38th Judicial Circuit, to dismiss the complaint, or in the alternative, for summary judgment [DN 8]; on a motion by Defendants, Edmonson County Social Services Bureau, Gloria Hennion and Mary Lindsey, to dismiss the complaint [DN 12]; and on a motion by Defendants, Edmonson County, Kentucky Sheriff B.J. Honeycutt, to dismiss the complaint [DN 25]. This matter is ripe for decision. For the reasons set forth below, the motions by the Defendant to dismiss are granted.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can

prove no set of facts in support of its claim that would entitle it to relief.  <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1251 (1997).  A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations.  <u>Wright v. MetroHealth Medical Center</u>, 58 F.3d 1130, 1138 (6th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1158 (1996).  A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief.  <u>Gazette v. City of Pontiac</u>, 41 F.3d 1061, 1064 (6th Cir. 1994).

The standard of review requires that a plaintiff plead more than bare legal conclusions. <u>Lillard v. Shelby County Bd. of Educ.</u>, 76 F.3d 716, 726 (6th Cir. 1996).  The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  <u>Gazette</u>, 41 F.3d at 1064.  "'In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'"  <u>Lillard</u>, 76 F.3d at 726 (citation omitted).  In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken.  <u>Hirsch v. Arthur Anderson & Co.</u>, 72 F.3d 1085, 1092 (2d Cir. 1995).[1]  It is against this standard that the Court reviews the Plaintiff's allegations.

---

[1]In addressing the current motions to dismiss, Plaintiff and Defendants Dortch, Hennion and Lindsey attach court documents related to the state criminal proceeding against Massey and the state child custody proceedings involving Massey.  The submission of these documents do not covert the present motions to dismiss into ones for summary judgment.  The Court has taken judicial notice of these public records.

## II. BACKGROUND

Plaintiff, William E. Massey, *pro se*, brings this action pursuant to 42 U.S.C. § 1983[2] alleging that the Defendants in their individual[3] and official capacities violated his Fourth Amendment rights against unreasonable search and seizure and his Fourteenth Amendment rights against the deprivation of life, liberty, or property without due process of law. (Complaint at 4.)   Additionally, the Plaintiff asserts that Sheriff B.J. Honeycutt denied him adequate medical care.  (Id. at 14.)   Plaintiff also asserts that Gloria Hennion and Mary Lindsey "shall be charged" with tampering with physical evidence in violation of KRS 524.100(1)(a) and complicity in violation of KRS 502.020. (Id. at 5.)   Similarly, Plaintiff asserts that Sheriff B.J. Honeycutt "shall be charged" with "breaking and entering" and theft by deception.  (Id. at 10.)   Plaintiff seeks compensatory and punitive damages in the amount of fifteen million dollars ($15,000,000.00).

Plaintiff alleges that on August 9, 2005[4], Social Services Agents Gloria Hennion and

---

[2]42 U.S.C. § 1983 provides as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[3]Despite the arguments of some of the defendants, the Court finds that the Plaintiff has sued the Defendants in their individual capacities.  The Plaintiff alleges that the "named defendants of this suit shall, under 42 U.S.C. § 1983, be held personally liable on their official acts . . . ." and "the said defendants shall be sued as private parties pursuant to the ambient of § 1983." (Complaint at 2.)

[4] There appears to be a conflict with respect to the date of the original search of Plaintiff's residence by the social workers and Sheriff Honeycutt. Plaintiff argues that the search

3

Mary Lindsey, along with Edmonson County Sheriff B. J. Honeycutt, conducted a warrentless search of Plaintiff's residence.  At the time of the search, Lisa Vincent and her two children were also living at the residence.  Plaintiff asserts that the Defendants arrived at his residence at approximately 3:30 p.m. at the time Ms. Vincent's children were arriving home from school.  According to Plaintiff, Hennion indicated that the Defendants intended to search Plaintiff's residence because a complaint had been filed via the Child Abuse Hotline Service on August 10, 2005.  Lindsey questioned Ms. Vincent while Hennion and Sheriff Honeycutt searched the residence.  Plaintiff contends that upon the conclusion of the search of the residence, the Defendants indicated that no violations were found.

Subsequently, Sheriff B. J. Honeycutt applied for a search warrant of Plaintiff's residence.  In his affidavit in support of the search warrant, Sheriff Honeycutt stated while acting on a complaint by social services on August 10, 2005, he observed several long guns in a gun cabinet in Plaintiff's bedroom.  Sheriff Honeycutt further stated that he had subsequently confirmed that Plaintiff was a convicted felon and could not possess the firearms. Judge Elane Parsley signed the tendered search warrant on August 17, 2005.  The search warrant was executed the same day.  During the search, the officers seized three handguns and ten shotguns and rifles, along with approximately 1000 rounds of pistol shells, approximately 160 rounds of rifle shells, and approximately 50 rounds of shotgun shells.

by the social workers and sheriff occurred on August 9, 2005.  However, Plaintiff mentions statements by the social workers which indicate that the search occurred on August 10, 2005. (Complaint at 3).  For purposes of the present motion, the exact date of the search is not important.

4

Plaintiff alleges that Sheriff Honeycutt also seized other personal property not listed in the search warrant, including his briefcase. Plaintiff claims that probable cause for the search warrant was based upon the illegal search of Massey's residence on August 9, 2005 by Defendants Hennion, Lindsey and Honeycut.

On August 29, 2005, an Edmonson County grand jury issued a fifteen count indictment against Massey charging him with possession of firearms by a convicted felon, receiving stolen property valued over $300, and persistent felony offender in the second degree. (Commonwealth of Kentucky v. William Massey, 05CR-41.) Plaintiff argues that Sheriff Honeycutt further violated his rights by falsely stating under oath to the grand jury that Massey had in his possession a stolen firearm. Massey's bail was set at $100,000 and initialed "RCD."

Plaintiff alleges that the Court Clerk, Sharon French, actually initialed the setting of the bail, instead of Judge Dortch, based on the Plaintiff's comparison of the handwriting of Judge Dortch and Ms. French. Plaintiff also claims that Judge Dortch improperly authorized another court clerk to sign Plaintiff's arrest warrant which was issued on August 29, 2005.

On September 1, 2005, Sheriff Honeycutt along with Deputy Brooks and Kentucky State Trooper Hodges executed the arrest warrant. The officers transported Plaintiff to the Grayson County Jail. Upon arrival at the jail, Plaintiff was transported to the Twin Lakes Regional Hospital in Leitchfield, Kentucky, for chest pain. Plaintiff stayed at the hospital for five days. Edmonson Circuit Court records show that Judge Dortch reduced Plaintiff's bond from $100,000 to "personal recognizance" on September 1, 2005.

Edmonson Circuit Court records indicate that on October 14, 2005, Massey filed a *pro se* motion to dismiss which remains pending.   In his motion to dismiss, Massey alleges that Sheriff Honeycutt, Gloria Hennion and Mary Lindsey violated his rights when investigating a child abuse or neglect charge that had been made on the child abuse hotline.   In January of 2006, Massey's defense counsel filed a motion to suppress which was denied by Judge Dortch.  On February 8, 2006, Massey filed an affidavit requesting the appointment of a special judge to preside over the state criminal matter.   Kentucky Supreme Court Chief Justice Lambert denied the request. (Commonwealth of Kentucky v. William Massey, 05CR-41, Case History, 2/17/06.)  The criminal matter is still pending in the Edmonson Circuit Court.  A pretrial conference is scheduled in the case for October 16, 2006.

As a result of these alleged actions of the Defendants, Plaintiff filed this § 1983 action in this Court in January of 2006.  The Defendants now move to dismiss the complaint, or in the alternative, for summary judgment. The Court shall address the Defendants' arguments in turn.

### III.  DISCUSSION

### A. CLAIMS AGAINST JUDGE RONNIE DORTCH

Plaintiff asserts that the Court Clerk, Sharon French, improperly initialed the setting of Plaintiff's bail in the underlying state criminal action, instead of Judge Dortch.  Plaintiff also claims that Judge Dortch improperly authorized a court clerk to sign Plaintiff's arrest warrant which was issued on August 29, 2005.  Plaintiff claims that "Judge Dortch's policy of allowing the clerks of his court to affix his initials to legal documents . . . and his signature

6

affixed to a legal document . . . supports gross negligence and a deliberate indifference to Massey's constitutional rights under § 1983. . . ."  (Complaint at 15.  <u>See also</u> Complaint at 13.)  Plaintiff argues that given these actions, Judge Dortch should be held liable under § 1983 for the violations of Plaintiff's rights.  Judge Dortch has moved to dismiss the complaint or, in the alternative, for summary judgment on both the individual and official capacity claims.  Notwithstanding the fact that Plaintiff has failed to respond, the Court shall address the merits of the motion to dismiss.

### 1.  Official Capacity

Plaintiff sues Defendant in both his official and individual capacity.  Pleading official capacity is another way of pleading suit against the entity of which a defendant is an agent, official, or employee.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).  Because Defendant Dortch is the Circuit Judge for the Kentucky 38th Judicial Circuit, he is an employee of the state and the official capacity claim is a claim against the Commonwealth of Kentucky.  <u>See e.g.</u>, <u>Sutton v. Lewis</u>, 2005 WL 1389179 (W.D. Ky. June 6, 2005).

"State officers sued for damages in their official capacity are not 'persons' within the meaning of § 1983 because they assume the identity of the government that employs them, in this case, the Commonwealth of Kentucky; and states, in turn, are immune from suits for money damages under the Eleventh Amendment to the federal Constitution."  <u>Sutton</u>, 2005 WL 1389179, *3 (citing <u>Hafer v. Melo</u>, 502 U.S. 21, 27 (1991); <u>Rodgers v. Banks</u>, 344 F.3d 587 (6th Cir. 2003)).  Therefore, Plaintiff's claims against Defendant Dortch in his official capacity for monetary damages is dismissed with prejudice.

The Court recognizes that suits under § 1983 are cognizable against a state official in his or her official capacity when that official is sued for injunctive relief.  However, the Plaintiff has not sued Judge Dortch for injunctive relief.  Furthermore, even if Plaintiff had sought to prohibit the continued prosecution of the current criminal action against him pending in the Edmonson County Circuit Court, such an action would be prohibited by Younger v. Harris, 401 U.S. 37, 46 (1971).

### 2.  Individual Capacity

From a review of the facts set forth in the Complaint and its attachments, the Court finds that Judge Dortch is entitled to absolute judicial immunity.   The actions of Judge Dortch regarding the signing of an arrest warrant or setting bail are indisputably actions taken by him in his capacity as district judge. Stump v. Sparkman, 435 U.S. 349, 356-62 (1978); Stern v. Mascio, 262 F.3d 600, 606-607 (6th Cir. 2001); Barnes v. Winchell, 105 F.3d 1111, 1115-1116 (6th Cir. 1997).   Therefore, the doctrine of absolute judicial immunity clearly bars the individual capacity claims asserted by the Plaintiff.

For these reasons, the Court grants judgment in favor of Judge Ronnie Dortch in both his official and individual capacities.

### B.  CLAIMS AGAINST GLORIA HENNION AND MARY LINDSEY

Plaintiff alleges that on August 9, 2005[5], the Defendants, Gloria Hennion and Mary Lindsey, along with Sheriff B. J. Honeycutt, conducted a search of Plaintiff's property

---

[5]As noted above, there is a disagreement about the exact date of the alleged "search."

8

without a warrant or his consent in violation of the Fourth Amendment to the United States Constitution.  According to Plaintiff, Hennion indicated that the Defendants intended to search Plaintiff's residence because a complaint had been filed via the Child Abuse Hotline Service on August 10, 2005.  Lindsey questioned Ms. Vincent while Hennion and Sheriff Honeycutt searched the residence.  Plaintiff claims that Defendants Hennion and Lindsey consistently use children and hotline tips to mask their illegal entry into people's homes. Plaintiff alleges that by these actions the Defendants violated Plaintiff's Fourth Amendment rights against unreasonable search and seizure and Fourteenth Amendment due process rights. Defendants Hennion and Lindsey filed an answer to Plaintiff's complaint stating that "they entered the aforesaid residence with the permission and/or implied permission of Plaintiff and Lisa Vincent; and that Defendants interviewed Lisa Vincent."  (Answer at 1.)

### 1.    Official Capacity

Plaintiff sues Defendants in both their official and individual capacity.  As discussed above, pleading official capacity is another way of pleading suit against the entity of which a defendant is an agent, official, or employee.  Graham, 473 U.S. at 166.  Because Defendants Hennion and Lindsey are social workers, they are employees of the state and the official capacity claim is a claim against the Commonwealth of Kentucky.  See e.g., Sutton, 2005 WL 1389179.  For the reasons discussed above, Plaintiff's claims against Hennion and Lindsey in their official capacity, as well as the Edmonson County Social Services Bureau, are barred by the Eleventh Amendment of the federal Constitution.  Sutton, 2005 WL 1389179, *3.  Therefore, Plaintiff's claims against Defendants Hennion and Lindsey in their

9

official capacity for monetary damages are dismissed with prejudice.

**2. Individual Capacity**

From a review of the facts set forth in the complaint and the court documents submitted by the parties, the Court finds that Plaintiff's § 1983 claims against Defendants Hennion and Lindsey are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). "Claims which challenge the validity of a state conviction or sentence are not cognizable under § 1983 in the absence of a demonstration that the criminal conviction or sentence in state court 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" <u>Dean v. Landrum</u>, 221 F.3d 1334, 2000 WL 922862, *2 (6th Cir. June 27, 2000)(quoting <u>Heck</u>, 512 U.S. at 486-87); <u>see also</u> <u>Schilling v. White</u>, 58 F.3d 1081, 1086 (6th Cir.1995).  The Sixth Circuit has applied the <u>Heck</u> principles to pre-conviction situations as well as post-conviction situations. <u>See</u> <u>Shamaeizadeh v. Cunigan</u>, 182 F.3d 391, 398 (6th Cir.), <u>cert. denied</u>, 528 US 1021 (1999).  If civil claims were allowed while criminal cases were pending, "'there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.'"  <u>Wolf v. Perry</u>, 412 F.3d 707, 714 (6th Cir. 2005)(quoting <u>Shamaeizadeh</u>, 182 F.3d at 397-98 (quoting <u>Smith v. Holtz</u>, 87 F.3d 108, 113 (3d Cir.1996), <u>cert. denied</u>, 519 U.S. 1041(1996)).  The Sixth Circuit emphasized that the criminal defendant should instead "'focus on his primary mode of relief – mounting a viable defense to the charges against him – before turning to a civil claim under § 1983.'"

10

Id. (quoting Shamaeizadeh, 182 F.3d at 399).  Therefore, the Heck principle applies  to  a § 1983 claim that if successful "'would necessarily imply the invalidity of a future conviction on a pending criminal charge.'" Shamaeizadeh, 182 F.3d at 397 (quoting Smith, 87 F.3d at 113).

Criminal charges of possession of firearms by a convicted felon, receiving stolen property valued over $300, and persistent felony offender in the second degree are currently pending against Massey in state court.  Applying Heck to the present case, the Court finds that success on Massey's § 1983 claims against Defendants Hennion and Lindsey could imply the invalidity of a future conviction on the pending criminal charges.  Since the firearms observed in Massey's residence during the August 9, 2005, search established the probable cause necessary for the August 17, 2005 search warrant, a finding by this Court that the initial search was unlawful could imply the invalidity of his potential criminal convictions  See Shamaeizadeh, 182 F.3d at  398-99)(holding that, where an allegedly illegal search produced evidence used to obtain a conviction, the convicted cannot bring a § 1983 claim challenging the search until the conviction is overturned); Harvey v. Waldron, 210 F.3d 1008, 1015 (9th Cir. 2000) ("We believe that the Second and Sixth Circuits have taken the better approach and therefore hold that a § 1983 action alleging illegal search and seizure of evidence upon which criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned."); see also Mettetal v. Vanderbilt University, Legal Dept., 147 Fed Appx. 577, 584 (6th Cir. Sept. 1, 2005), cert. denied, 126 S.Ct. 1791 (2006).  The evidence obtained as the result of the alleged illegal conduct of

11

Defendants are at the core of the criminal proceedings against Massey.  Since <u>Heck</u> applies to this case, Massey's civil rights action "must be dismissed without prejudice until the state proceedings have resulted in a not guilty verdict, or any conviction has been overturned on appeal or questioned in a federal habeas corpus petition." <u>Callihan v. Schneider</u>, 178 F.3d 800, 804 (6th Cir.1999) (citing <u>Heck</u>, 512 U.S. at 486-87)  Therefore, Plaintiff's claims against Defendants Hennion and Lindsey are dismissed without prejudice.

For the reasons set forth above, the claims against Defendants Hennion and Lindsey in their official capacities and the Edmonson County Social Services Bureau are dismissed with prejudice.  Plaintiff's claims against Defendant Hennion and Lindsey in their individual capacities are dismissed without prejudice.

## C.  CLAIMS AGAINST SHERIFF B.J. HONEYCUTT

As discussed above, Plaintiff alleges that the Sheriff Honeycutt violated his Fourth Amendment rights against unreasonable search and seizure and his Fourteenth Amendment due process rights.  Plaintiff asserts that on August 9, 2005, Sheriff Honeycutt, along with Defendants Hennion and Lindsey, conducted a warrentless search of Plaintiff's property in violation of the Fourth Amendment.  As a result of the observations made during the August 9, 2005, illegal search, Plaintiff maintains that Sheriff Honeycutt subsequently applied for and obtained the August 17, 2005, search warrant.  Plaintiff claims that Sheriff Honeycutt further violated his rights by falsely stating under oath to the Edmonson County grand jury that Massey possessed a stolen firearm.  In his response [DN 26], Plaintiff states that Defendant Honeycutt conspired with others to fabricate the  indictment against him and

12

executed a fraudulent arrest warrant.

Plaintiff further alleges that he was deprived of his mediation by Honeycutt's illegal confiscation of his briefcase during the August 17 search of his residence. Additionally, Plaintiff alleges that during questioning at the Sheriff's Office, he was deprived of access to his prescribed diet associated with the surgical removal of seventy-five percent of his colon. Plaintiff contends that this conduct by Sheriff Honeycutt "constitutes a compelling action by Honeycutt as a life threatening intent to kill Massey by depriving Massey of his life-supporting necessities, essential to sustain the existence of Massey's life." (Complaint at 14.) The Court has construed these allegations to be a claim for a denial of adequate medical care against Sheriff B.J. Honeycutt.

### 1. Official Capacity

Plaintiff has sued Sheriff Honeycutt in his official capacity. A suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent. Graham, 473 U.S. at 166. Therefore, the official capacity claim against Sheriff Honeycutt is actually a claim against the municipality, Edmonson County. Stemler v. City of Florence, 126 F.3d 856, 864 n. 8 (6th Cir. 1997), cert. denied, 523 U.S. 1118 (1998); Rothhaupt v. Maiden, 144 Fed. Appx. 465 (6th Cir. July 20, 2005), cert. denied, 126 S.Ct. 1052 (2006). A municipality is a "person" liable to suit under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 690 (1978).

In order for a municipality to be held liable under 42 U.S.C. § 1983, the Plaintiff must show that a municipal policy, custom, or practice led to the constitutional deprivation

13

alleged.  <u>Graham</u>, 473 U.S. at 166;  <u>Doe v. Claiborne County, Tennessee</u>, 103 F.3d 495, 507 (6th Cir.1996)(citing <u>Monell</u>, 436 U.S. at 690-91).  Plaintiff has failed to allege an official policy or custom of Edmonson County that played a part in the alleged constitutional deprivation.  Accordingly, the motion to dismiss by Defendant Honeycutt in his official capacity is granted.

### 2.  Individual Capacity

With the exception of Plaintiff's claim for denial of medical care, Plaintiff's remaining Fourth Amendment and due process claims against Sheriff Honeycutt in his individual capacity are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  Criminal charges are currently pending against Massey in state court.  The Court finds that success on Plaintiff's § 1983 claims for unlawful search and seizure, violation of  due process rights, or for false statements made to the grand jury against Defendant Honeycutt could imply the invalidity of a future conviction on the pending criminal charges.  As discussed above, Plaintiff's civil rights action against Defendant Honeycutt "must be dismissed without prejudice until the state proceedings have resulted in a not guilty verdict, or any conviction has been overturned on appeal or questioned in a federal habeas corpus petition." <u>Callihan</u>, 178 F.3d at 804 (citing <u>Heck</u>, 512 U.S. at 486-87).  Therefore, all of Plaintiff's Fourth Amendment and due process claims against Defendant Honeycutt, with the exception of the medical care claim discussed below, are dismissed without prejudice.

In as much as Plaintiff alleges a denial of medical care claim, the Court finds that Plaintiff fails to state a claim for which relief can be granted.  To establish a violation of the

14

right to adequate medical assistance, a pretrial detainee must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see Bell v. Wolfish, 441 U.S. 520, 545 (1979); Schliewe v. Toro, 138 Fed. App. 715 (6th Cir. June 23, 2005); Sutton, 2005 WL 1389179, *4.   Here, Plaintiff has not stated what medical injury he has suffered, if any, as a result of the alleged denial of medical care on August 17, 2005.  He simply states that "the deprivation of Massey's access of his prescribed diet" and the deprivation "of his medication by the illegal confiscation of Massey's briefcase" indicates "a life threatening intent to kill Massey by depriving Massey of his life-supporting necessities." (Complaint at 14.)  Absent allegations of any injury, Plaintiff fails to allege "acts or omissions sufficiently harmful" to support a claim of deliberate indifference to a serious medical need.  Sutton, 2005 WL 1389179, *4.

Furthermore, the complaint reflects that on September 1, 2005, Plaintiff was arrested pursuant to an arrest warrant and transported to the Grayson County Jail.  Upon arrival at the jail, he was taken to the Twin Lakes Regional Hospital in Leitchfield, Kentucky due to chest pain where he remained for five days.  Upon release from the hospital, he was released  to return home. (Complaint at 13 and 14.)  Plaintiff has not alleged any deliberate indifference associated with his treatment on September 1, 2005.

For these reasons, the Plaintiff's claim against Defendant Honeycutt in his official capacity is dismissed with prejudice.  Likewise, the Plaintiff's denial of medical care claim is dismissed with prejudice.   The remainder of Plaintiff's claims against Defendant Honeycutt in his individual capacity are dismissed without prejudice.

15

### D.  OTHER CLAIMS

Plaintiff asserts that Defendants Hennion and Lindsey "shall be charged" with tampering with physical evidence and complicity.  Plaintiff also states that Defendant Honeycutt "shall be charged" with "breaking and entering" and theft by deception.  In as much as Plaintiff requests the Court to charge the Defendants with these crimes, the Court cannot bring charges against the Defendants.  The authority to initiate a criminal complaint rests with state and federal prosecutors.  For these reasons, Plaintiff's request is denied.[6]

### IV.  CONCLUSION

Having reviewed the complaint with the leniency required under <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), **IT IS HEREBY ORDERED** that the motion to dismiss by Defendant, Ronnie C. Dortch, in his individual capacity and in his official capacity as Circuit Judge [DN 8] is **GRANTED**.  Plaintiff's claims against Judge Dortch are dismissed with prejudice.

**IT IS FURTHER ORDERED** that the motion to dismiss the complaint by Defendants, Gloria Hennion and Mary Lindsey, in their individual and official capacities [DN 12] is **GRANTED.**  Plaintiff's claims against Defendants Hennion and Lindsey in their official capacities are dismissed with prejudice.  Plaintiff's claims against Defendants Hennion and Lindsey in their individual capacities are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the motion to dismiss the complaint by

---

[6] The Court is unsure if Plaintiff is actually requesting the Court to "charge" the Defendants.  In fact, the Plaintiff indicated in his complaint that he "shall pursue criminal charges with the proper authorities."  (Complaint at 16.)

16

Defendant, B.J. Honeycutt, in his individual and official capacities [DN 25] is **GRANTED**.
Plaintiff's claim against Defendant Honeycutt in his official capacity is dismissed with
prejudice.  Likewise, Plaintiff's denial of medical care claim against Defendant Honeycutt
in his individual capacity is dismissed with prejudice.  The remainder of Plaintiff's claims
against Defendant Honeycutt in his individual capacity are dismissed without prejudice.  A
judgment will be entered consistent with this Opinion.

cc: counsel of record
    William E. Massey, *pro se*